JOHNSTONE, Justice
(dissenting).
I respectfully dissent. The employee does not argue only that § 16-22-14, Ala. Code 1975, required the documents to be placed in her “file.” Her cardinal argument is that the documents were, by definition, included within her “record” and therefore should have been provided to her contemporaneously and that the very purpose of the statute was frustrated by the admission of these documents to terminate her.
Section 16-22-14(a)(5) defines “personnel record.” This definition plainly and unambiguously includes the documents at issue. Section 16-22-14(e) equally plainly and unambiguously, indeed twice, requires that those documents which are placed in the employee’s “record” “shall be provided to the employee.”
The purpose of the statute is obviously to prevent the employer from secretly building a case for discipline against the employee over a period of weeks, months, or years. The benefit to the employee, obviously intended by the Legislature, is that contemporary notice of adverse documents being placed in the employee’s “record” would allow the employee contemporaneously to improve his or her conduct or to identify errors in the documents and to notify the employer of the errors in order to avoid disciplinary action against the employee.
This legislative intent is not fulfilled by the employer’s providing the documents only in response to the employee’s discovery request after the employer has already instituted disciplinary proceedings against the employee to be proved, as in the case before us, largely by those very documents. The admission of these only-belatedly-disclosed documents into the termination proceedings against this employee frustrated the legislative purpose of the statute. Thus, I respectfully submit that the Circuit Court was right in reversing the employee’s termination, the Court of Civil Appeals was wrong in reversing the Circuit Court, and today’s decision is wrong in affirming the Court of Civil Appeals.